USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

TERRANCE WILLIAMS,

                Defendant.

15-CR-537 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on June 27, 2017, Mr. Williams was sentenced principally to 399 months' imprisonment, which was within the applicable Guidelines range of 360 months to life, *see* J., Dkt. 1095; Supplemental Presentence Investigation Report ("SPSR") at 3, Dkt. 1861;

    WHEREAS on February 12, 2024, Mr. Williams filed a motion for a sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Motion"), *see* Mot., Dkt. 1866, which went into effect on November 1, 2023, and which applies retroactively, *see* U.S.S.G. §§ 1B1.10, 4A1.1(e), 4C1.1;

    WHEREAS the United States Probation Department reported that Mr. Williams is eligible for a sentence reduction, *see* SPSR at 3;

    WHEREAS the Court ordered the Government to respond to Mr. Williams's Motion no later than April 1, 2024, *see* Order, Dkt. 1868, and the Government submitted its opposition to the Motion, *see* Opp., Dkt. 1874;

    WHEREAS on April 17, 2024, Mr. Williams filed his reply to the Government's response, *see* Reply, Dkt. 1876;

    WHEREAS Mr. Williams contends that Part A of Amendment 821 revised the "status points" provision such that "status points" will be applied only to offenders with seven or more criminal history points who were under a criminal justice sentence at the time of their instant

offense. *See* Mot. at 1–2. Mr. Williams argues that under the new Guidelines, his criminal history points would be reduced from three to one and his criminal history category would be reduced from category II to category I, thus lowering the applicable sentencing range from 360 months to life to 324–405 months' imprisonment, *see id.* at 3;

WHEREAS Mr. Williams urges the Court to grant his Motion and states that he has been using his time in prison productively, having participated in fourteen educational programs to obtain his GED, and has been well behaved, having not had a disciplinary infraction in the past five years, *see id.* at 4–5;

WHEREAS the Government opposes the Motion, arguing that it should be denied because (1) the Court did not factor Mr. Williams's status points into his sentence, which is the subject of the Motion; (2) the sentence the Court imposed falls within the adjusted Guidelines range; and (3) Mr. Williams has not provided sufficient justification for altering the Court's analysis of the factors set forth in 18 U.S.C. § 3553(a), *see* Opp.

IT IS HEREBY ORDERED that Mr. Williams's Motion is DENIED. Although Mr. Williams is eligible for a sentence reduction under Amendment 821, courts have discretion whether to grant a reduction. U.S.S.G. § 1B1.10, Background; *see also United States v. Smerling*, No. 21-CR-317, 23-CV-3988, 2024 WL 1208908, at *2 (S.D.N.Y. Mar. 21, 2024) (quoting *United States v. Brooks*, 891 F.3d 432, 436 (2d Cir. 2018)) ("Even when a defendant is eligible for a reduction, 'a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2).'"); *United States v. Sierra*, No. 11-CR-1032-01, 2024 WL 1075408, at *2–3 (S.D.N.Y. Mar. 12, 2024) (denying a sentence reduction despite defendant's eligibility given the severity of defendant's crimes); *United States v. Ogbuokiri*, No. 20-CR-3-4, 2024 WL 3026559, at *9 (S.D.N.Y. June 17, 2024) (denying a sentence reduction despite defendant's

eligibility as the original sentence fell within the amended Guidelines and remained appropriate given the nature of defendant's crimes); *United States v. Vela*, No. 20-CR-607, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024) (citing *United States v. Hilliard*, No. 22-CR-82, 2024 WL 1193606, at *2 (S.D.N.Y. Mar. 20, 2024)) (denying a sentence reduction despite defendant's eligibility because the Court "did not base [its] sentence on the Guidelines range itself . . . [but] [r]ather, it based the sentence on the Section 3553(a) factors").

The Court thoroughly considered the Section 3553(a) factors when imposing its sentence, including the substantial adverse impact Mr. Williams's crimes had on his community and the importance of deterring similar conduct. Sentencing Tr. 48:3–13, 50:3–6, Dkt. 1117. Mr. Williams engaged in conduct that "made life absolutely awful" for his neighborhood and displayed a "propensity for violence," having shot at people on three separate occasions, one of which resulted in the death of a bystander. *Id.* at 48:4–6, 49:18–19, 50:20–22. The Court did not, as Mr. Williams argues, fashion a sentence predicated on it being a "bottom of the . . . Guidelines" sentence. *See* Mot. at 3. The Court's analysis of the Section 3553(a) factors remains unchanged regardless of Amendment 821. Mr. Williams's sentence is appropriate in light of the Section 3553(a) factors and falls within the adjusted Guidelines range; the Court finds that a reduced sentence would not adequately address the Section 3553(a) factors given the heinousness of Mr. Williams's criminal conduct. The Court recognizes Mr. Williams's good behavior in prison and his participation in programming, but that, alone, is not sufficient to warrant a sentence reduction pursuant to Amendment 821.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motion at Dkt. 1866.

**SO ORDERED.**

Dated: July 12, 2024
       New York, New York

_____
VALERIE CAPRONI
United States District Judge